IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RAMONA G.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:22-cv-00041 |
| ) | |
| MARTIN O'MALLEY, ) | By: Elizabeth K. Dillon |
| Commissioner of Social Security, ) | United States District Judge |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ramona G. brought this action for review of the final decision made by defendant, the Commissioner of Social Security, denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. (Compl., Dkt. No. 1.) Both plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 11, 14), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Joel C. Hoppe for a report and recommendation (R&R). On February 16, 2024, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 17.) Plaintiff filed objections on February 28, 2024 (Dkt. No. 18), and the Commissioner responded to the objections on March 12, 2024 (Dkt. No. 20).

After de novo review of the pertinent portions of the record, the R&R, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will overrule plaintiff's objections, grant the

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

Commissioner's motion for summary judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report.  (R&R 3–4.)  Briefly, the Administrative Law Judge (ALJ) determined that plaintiff suffers from the severe impairments of fibromyalgia, obesity, and anxiety.  (Tr. 13, Dkt. No. 9-1.)  The ALJ determined that these impairments did not meet or medically equal a listed impairment.  (*Id.* at 14–16.)  The ALJ also determined that plaintiff's other ailments—bipolar disorder, post-traumatic stress disorder (PTSD), and depression— did not have more than a minimal effect on her functional abilities and, thus, were non-severe impairments.  (*Id.* at 13.)

The ALJ proceeded to conclude that plaintiff had the residual functional capacity to perform "light work," except she could "lift and carry up to 20 pounds frequently," "sit 8 hours out of an 8-hour workday, stand 6 hours out of an 8-hour workday, and walk 6 hours out of an 8-hour workday."  (*Id.* at 16.)  The ALJ also found that plaintiff could understand, remember, and carry out simple instructions, perform simple and repetitive tasks, and perform goal-oriented work but could not do any production rate pace work.  (*Id.*)  The ALJ further found that plaintiff is unable to return to her past relevant work but could perform unskilled light occupations such as office cleaner, garment bagger, or inspector that offer a significant number of jobs in the national economy.  (*Id.* at 22–23.)  Thus, plaintiff was found to be not disabled.  (*Id.* at 23.)

## II.  DISCUSSION

### A. Standard of Review

This court's review of the ALJ's underlying decision is limited.  *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019).

Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

**B. Ramona G.'s Objections to the R&R**

Plaintiff argues that the R&R erred in concluding that the ALJ appropriately considered the impact the fluctuating nature of her mental health conditions had on her ability to *sustain* her level of functioning. (Obj. 3, Dkt. No. 18.) Plaintiff points to the fact that her doctor frequently changed her psychiatric medications as an indication that her mental health conditions were not sufficiently controlled and could therefore lead to high levels of absenteeism that would hinder her ability to maintain employment. (*Id.* at 4.) Plaintiff analogizes the state of her mental health treatment to the plaintiff's in *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 363 (4th Cir. 2023). There, the frequent adjustment of the plaintiff's psychiatric medications amid her

3

worsening symptoms led the court to find that her mental health conditions were not controlled and that the severity of her depression "demonstrated both marked and extreme limitations that would instantly qualify her as disabled." *Id.* Plaintiff also argues that the ALJ and magistrate judge did not consider the fluctuating nature of her mental health conditions when assessing her activities of daily living. (*Id.* at 6.) Plaintiff notes that while she engages in sewing, crafting, reading, cooking, and other daily activities, the ALJ and magistrate judge did not consider how *often* she is able to engage in these activities. (*Id.*) While plaintiff concedes that her mental health conditions have improved over time, she argues that the ALJ and the magistrate judge should have considered whether her condition has improved *enough* to maintain employment and if that improvement is sustainable. (*Id.* at 4.)

The court finds that the ALJ and the magistrate judge properly considered the fluctuating nature of plaintiff's mental health conditions when determining she was not disabled. As noted in the R&R, the ALJ "analyzed [plaintiff's] substantive statements, her treatment records, her activities of daily living, and the medical opinions, and she assessed a[] [residual functional capacity] that logically relates to that evidence." (R&R 17–18). During the hearing, the ALJ posed a hypothetical question to the Vocational Expert (VE) regarding the impact an individual's "instability of symptoms as reflected in the multiple, fairly consistent medication . . . changes" would have on that individual's ability to sustain employment; the VE responded that such an individual would be unable to sustain competitive employment. (Tr. 70–72.) The ALJ, in her discretion, ultimately chose not to adopt that hypothetical in her RFC analysis and supported this decision with substantial evidence, as noted above. *See Hailey v. Comm'r of Soc. Sec.*, 284 F. App'x 100, 104–05 (4th Cir. 2008) (finding that ALJs are free to choose between varying opinions and hypotheticals so long as the decision is supported by substantial evidence).

4

The ALJ acknowledged that plaintiff herself "required frequent medication adjustments" and that, at some appointments, she presented with more severe symptoms and, at others, with moderate symptoms. (Tr. 14–15, 18, 20.) Even so, a plaintiff does not have to be completely symptom-free for the ALJ to find that she is not disabled. *Green v. Astrue*, No. 3:10-cv-764, 2011 WL 5593148, at *4 (E.D. Va. Oct. 11, 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1457–58 (4th Cir. 1990)), *report and recommendation adopted*, 2011 WL 5599421 (E.D. Va. Nov. 17, 2011). Moreover, the course of plaintiff's mental health treatment significantly differs from the *Shelley* plaintiff's course of treatment. While Shelley's doctors frequently changed her medications because of her *worsening* depressive symptoms, Ramona G.'s doctors primarily adjusted her medications because of her concerns with her blood pressure and cost, not in response to her symptoms; additionally, and as noted above, plaintiff concedes that her mental health conditions have improved over the course of her treatment. (Tr. 517–18, 544–45; Obj. 4.)

Furthermore, the ALJ considered plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms" and found that "they are inconsistent with the medical and other evidence of record because her admitted daily activities and abilities do not support a finding of disability." (Tr. 18.) The administrative record therefore demonstrates that the ALJ *did* consider plaintiff's representations of the impact that the persistence of her conditions had on her daily activities and found that this impact was not severe enough to support a finding of disability. The court finds that the ALJ thoroughly explained why she adopted the RFC and referenced ample evidence in the record to support her findings that plaintiff could engage in light work.

## III.  CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 17) is ADOPTED;

2. Plaintiff's objections (Dkt. No. 18) are OVERRULED;

3. The Commissioner's motion for summary judgment (Dkt. No. 14) is GRANTED;

4. Plaintiff's motion for summary judgment (Dkt. No. 11) is DENIED; and

5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: March 28, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge